IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON M. CARTER )
)
v. ) NO. 3:14-1337
)
STATE OF TENNESSEE, et al. )

TO:  Honorable Kevin H. Sharp, Chief District Judge

## REPORT AND RECOMMENDATION

By Order entered July 2, 2014 (Docket Entry No. 9), the Court referred this action to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff filed this lawsuit *pro se* on May 16, 2014, seeking relief under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights. Plaintiff appears to be a convicted prisoner who is housed in a private mental-health facility in Columbia, South Carolina. *See* Docket Entry No. 9. His claims are based upon events occurring, at least in part, in Tennessee related to his arrest, detention, and criminal prosecution. *See* Complaint (Docket Entry No. 1). Although Plaintiff filed the lawsuit *pro se*, he paid the filing fee and has not been granted *in forma pauperis* status. *See* Docket Entry Nos. 3 and 9.

Plaintiff was sent blank summons forms and advised to return them to the Clerk so that the Clerk could issue summons to Plaintiff for his service upon Defendants. *See* Order entered July 30, 2014 (Docket Entry No. 18). Plaintiff was also specifically advised that he was responsible for serving Defendants with the summons and complaint, in compliance with Rule 4 of the Federal Rules

of Civil Procedure, and that he must serve Defendants with the summons and complaint within 120 days of the filing of the complaint in accordance with Rule 4(m) or this action will be dismissed, unless this time is extended by the Court upon a showing of good cause. *See* Order entered July 7, 2014 (Docket Entry No. 11). The Clerk issued summons on August 11, 2014, and forwarded them to Plaintiff. *See* Docket Entry No. 21. On October 17, 2014, Plaintiff filed a motion for default judgment, *see* Docket Entry No. 23, which was denied by the Clerk on October 21, 2014, with a specific advisement to Plaintiff that service of process upon Defendants must be made in accord with Rule 4 of the Federal Rules of Civil Procedure and that he had not provided completed returns of service or returned certified mail cards showing that service of process had been made upon Defendants. *See* Denial of Default (Docket Entry No. 24). The docket in the action indicates that no further activity has occurred in the lawsuit after the Denial of Default on October 21, 2014.

It is well settled that Federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff, *see Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980), and Rule 41.01 of the Local Rules of Court states that any civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein "shall be dismissed as a matter of course." Additionally, Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 120 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice or order that service be made within a specified time.

This lawsuit has been dormant for over one year, and there have been no steps taken by Plaintiff to prosecute his action since his filing of the denied motion for default judgment in October 2014. There has also been no showing that service of process has been made upon Defendants, and it is well beyond the time within which service of process must be made upon Defendants under Rule 4(m) of the Federal Rules of Civil Procedure. Given these facts, the Court finds that dismissal of the action is warranted.[1]

# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and Rule 41.01 of the Local Rules of Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Federal Rules 4(m) and 41(b) and Local Rule 41.01, and the fourteen day period for filing objections provides Plaintiff with the opportunity to show good cause why the action should not be dismissed.